**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONNY GENE CLAUNCH,

Petitioner-Appellant,

v.

EDWARD L. EVANS, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 98-6279
(W. District of Oklahoma)
(D.C. No. CIV-97-500-L)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The court

therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Donny Gene Claunch, proceeding *pro se*, seeks a certificate of appealability so that he can appeal the district court's denial of Claunch's 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a certificate of appealability). Because Claunch has not "made a substantial showing of the denial of a constitutional right," this court **denies** Claunch a certificate of appealability and **dismisses** this appeal. *See id.* § 2253(c)(2) (providing that a certificate of appealability may issue only if petitioner has made a substantial showing of the denial of a constitutional right).

Claunch was found guilty by a jury of murder in the first degree on November 27, 1979, and was sentenced to life imprisonment. Claunch never challenged his conviction or sentence on direct appeal. In 1988, Claunch filed a petition for appeal-out-of-time and post-conviction relief (the "first state petition"). In his first state petition, Claunch alleged eight grounds for relief, including a claim that his counsel was constitutionally ineffective for failing to perfect a direct appeal. The state district court denied relief in July of 1988; Claunch failed to appeal the denial of relief to the Oklahoma Court of Criminal Appeals (the "OCCA"). Claunch filed a second petition for post-conviction in Oklahoma state court in 1996 (the "second state petition"). In his second state petition, Claunch again claimed his counsel was ineffective for failing to perfect

a direct appeal. He also raised an entirely new claim, contending he was denied due process when the trial court failed to conduct a post-examination competency hearing to determine Claunch's competency to stand trial. The state district court denied relief on the grounds Claunch had previously raised or could have raised these issues in his first state petition. On appeal from the denial of relief, the OCCA concluded the issues raised in the second state petition were procedurally barred. According to the OCCA, the issues were procedurally barred both because Claunch failed to raise them on direct appeal and because, to the extent they were raised in the first state petition, he failed to appeal the denial of that petition to the OCCA.

Claunch then filed the instant § 2254 habeas petition in the federal district court reasserting the ineffective assistance and competency hearing issues. After Claunch's petition was referred to a magistrate judge for initial proceedings, the magistrate judge issued a Report and Recommendation, recommending the petition be dismissed on grounds of procedural bar. The magistrate judge concluded, *inter alia* , that without regard to whether Claunch's counsel was ineffective in failing to prefect a direct appeal, Claunch had waived both his ineffective assistance claim and his competency claim by failing to raise the

competency claim in, and failing to appeal to the OCCA from, the denial of his first state petition. [1]

In response to the Report and Recommendation, Claunch filed an objection to the report and recommendation, challenging the magistrate judge's conclusion that Claunch's trial counsel was not constitutionally ineffective; Claunch's objection did not address the competency hearing issue. The district court overruled Claunch's objections and adopted the Report and Recommendation. In so doing, the district court noted that Claunch had waived review of the magistrate judge's conclusions regarding the competency hearing by failing to specifically object. Nevertheless, the district court specifically noted that Claunch's competency-hearing claim was subject to procedural bar because it was procedural rather than substantive in nature. In particular, the district court noted Claunch did not allege he was actually incompetent at the time of his trial

---

[1]In so holding, the magistrate judge concluded as follows:
> Even if [Claunch] could demonstrate attorney error and prejudice, which he has not, he cannot successfully blame any ineffectiveness of counsel for failing to adequately and timely raise his constitutional grounds first at the state level, because proceeding pro se, he filed his first application for post-conviction relief in the state court, and never raised the competency-hearing issue nor did [Claunch] even appeal that first denial. The appeal of the denial of the second application was dismissed due to [Claunch's] personal failure to previously raise the issue. It is [Claunch] who is personally responsible for any failure to adequately raise his grounds in state court.

Report and Recommendation at 7.

and did not allege any factual basis to raise a threshold doubt about his competency.

This court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Barefoot v. Estelle*, 463 U.S. 880 (1983), the Supreme Court provided content to the term "substantial showing" of the denial of a constitutional right. According to the Court, a petitioner has made such a substantial showing if he demonstrates the issues raised are debatable among jurists of reason, the appellate court could resolve the issues in a different manner, or the issues are adequate to deserve encouragement to proceed further. *Id.* at 893 & n.4.

Upon *de novo* review of Claunch's application for a certificate of appealability and appellate brief, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record on appeal, this court concludes the district court's resolution of the issues raised in Claunch's petition on the basis of procedural bar is not deserving of further proceedings for substantially those reasons set out in the magistrate judge's Report and Recommendation dated June 7, 1997, and the district court order dated

January 22, 1998. Accordingly, Claunch's application for a certificate of appealability is   **DENIED**   and the appeal is therefore   **DISMISSED**   .

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge